# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JALEN LAWRENCE GREEN,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:19-cv-01800-SAB<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE |

On December 27, 2019, Jalen Lawrence Green ("Plaintiff"), proceeding *pro se*, filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying an application for disability benefits pursuant to the Social Security Act. (ECF No. 1.) The parties have consented to the jurisdiction of the magistrate judge and this action has been assigned to the undersigned for all purposes. (ECF Nos. 7, 9, 16.)

Pursuant to the Court's scheduling order, Plaintiff's opening brief was due to be filed with the Court within thirty (30) days after service of Defendant's confidential letter brief. (ECF No. 6 at 2-3.) Defendant's confidential letter brief was served on July 30, 2020, and Plaintiff failed to file an opening brief within thirty (30) days of such date. (ECF No. 13.) Due to this failure, on September 4, 2020, the Court issued an order requiring Plaintiff to show cause in writing within five days of service of the order as to why this action should not be dismissed for

failure to prosecute. (ECF No. 15.) On September 28, 2020, Plaintiff filed an untimely response to the order to show cause. (ECF No. 17.)

On September 30, 2020, the order to show cause was discharged and Plaintiff was granted until November 30, 2020 to file an opening brief. (ECF No. 18.) The time for Plaintiff's opening brief to be filed has expired and Plaintiff has not complied with the September 30, 2020 order nor otherwise responded to the order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions

that must be met in order for a court to take action.  <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal.  <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d at 1226.  Plaintiff was ordered to show cause as to why Plaintiff failed to comply with the mandates of the scheduling order and had failed to file an opening brief in this action by the deadline to do so.  (ECF No. 15.)  Although Plaintiff's response to the order to show cause was untimely it was considered and the order to show cause was discharged.  (ECF No. 18.)  The order discharging the order to show cause stated,

> Plaintiff is advised that although he is proceeding pro se, he is still required to comply with the orders of this court and the local and federal rules.  <u>Jacobsen v. Filler</u>, 790 F.2d 1362, 1365 (9th Cir. 1986); <u>Ghazali v. Moran</u>, 46 F.3d 52, 54 (9th Cir. 1995); [] <u>Chambers v. Janssen Pharm., Inc.</u>, No. 16CV762-JAH(BLM), 2018 WL 3706695, at *3 (S.D. Cal. Aug. 3, 2018), report and recommendation adopted, No. 16CV762 JAH-BLM, 2018 WL 6040758 (S.D. Cal. Nov. 19, 2018).  Plaintiff was provided with the scheduling order and pro se informational order clearing setting out the deadlines in this action.  If Plaintiff is unable to meet a deadline established by an order [then] the prudent action would be to file a request for time rather than allowing the deadline to pass and risk dismissal of the action for failure to comply.

(ECF No. 18 at 1-2.)  Plaintiff was further advised "that any further failures to comply will result in the dismissal of this action for failure to comply and failure to prosecute."  (<u>Id.</u> at 2.)

Plaintiff's failure to comply with the orders issued in this action hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.  Plaintiff did not file an opening brief in compliance with the scheduling order and pro se informational order.  (ECF Nos. 4, 6.)  Plaintiff's response to the September 4, 2020 order to show cause was untimely.  Finally, Plaintiff has failed to comply with the September 30, 2020 order requiring an opening brief to be filed on or before November 30, 2020. (ECF No. 18.)  Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendant in this action.  <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay.  <u>In re Eisen</u>, 31 F.3d at 1453.

The public policy in favor of deciding cases on their merits is outweighed by the factors

in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This action can proceed no further without Plaintiff's cooperation in filing an opening brief.  Plaintiff was ordered to file an opening brief by November 30, 2020 and advised that the failure to do so would result in the dismissal of this action for failure to prosecute and failure to comply.  This action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, Plaintiff is proceeding *in forma pauperis* in this action and therefore monetary sanctions would not be available.  This is an action seeking administrative review and evidentiary sanctions are also not available.  Further, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's September 30, 2020 order expressly advised Plaintiff that if he failed to file his opening brief this action would be dismissed for failure to comply with a court order and failure to prosecute.  (ECF No. 18 at 2.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is DISMISSED for Plaintiff's failure to comply with orders of the court and for failure to prosecute; and
2. The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

Dated:  **December 3, 2020**

UNITED STATES MAGISTRATE JUDGE